**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERIC DWAYNE GRESHAM**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 14-692**

**BOBBY JINDAL, ET AL.**                                    **SECTION:  "B"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Eric Dwayne Gresham, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights complaint against the following defendants:  Bobby Jindal, the Governor of the State of Louisiana; James LeBlanc, the Secretary of Louisiana Department Public Safety and Corrections; and Robert Tanner, the Warden of the B.B. "Sixty" Rayburn Correctional Center.  In this lawsuit, plaintiff claims that he has been deprived of a state-created liberty interest by a change in state law.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that ... the action or
appeal –

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary damages against a defendant who is immune
from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27

F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory,

but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327

(1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not

"plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

2

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).  The

United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for

the following reasons, this matter be dismissed as frivolous and/or for failing to state a claim on

which relief may be granted.

## II.  Plaintiff's Claim

In his complaint, plaintiff alleges that, in 1997, he was convicted of armed robbery under

Louisiana law and was sentenced as a third offender to a term of life imprisonment.[2]  He further

alleges that, in 2001, Louisiana's habitual offender law was amended by Act 403 in a manner which,

had he been convicted later, would have lessened his sentence.  However, as he candidly concedes,

that change in the law was prospective only and, as a result, offered him no avenue for relief at that

time.  That said, he further notes that the Louisiana Legislature later enacted La. Rev. Stat. Ann. §

15:308 which provides in pertinent part:

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 1, pp. 8-9; see also State v. Gresham, 712 So.2d 946 (La. App. 5th Cir. 1998), writ denied, 736 So.2d 200 (La. 1999).

A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.

(2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.

B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:56.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(1)(b)(ii) and (c)(ii), 1303(B), and 1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Art. 893(A) prior to June 15, 2001, provided that such application ameliorates the person's circumstances.

La. Rev. Stat. Ann. § 15:308.

As originally enacted, § 15:308 also included a Subsection C, which provided: "Such persons shall be entitled to apply to the Louisiana Risk Review Panel pursuant to R.S. 15:574.22." The purpose of Louisiana Risk Review Panel, which had also been created in 2001, was to make nonbinding recommendations on matters concerning the exercise of executive clemency. However, in 2012, the Louisiana Legislature eliminated the Louisiana Risk Review Panel entirely, repealing La. Rev. Stat. Ann. §§ 15:308(C) and 15:574.22.  2012 La. Sess. Law Serv. Act 123 (H.B. 432).

Plaintiff now claims that he has been deprived of a "state-created liberty interest" as a result of that repeal because no alternate procedure was established which would allow him to avail

himself of the ameliorative benefits of La. Rev. Stat. Ann. § 15:308.  He alleges that when he sought

relief in the state courts, the Louisiana Fifth Circuit Court of Appeal rejected his claims, holding that

the abolition of Louisiana Risk Review Panel did not affect the power of the Executive Branch of

the state government to reduce or commute his sentence.[3]

The undersigned finds that plaintiff likewise is not entitled to relief in this federal Court for

the following reasons.

First, even if plaintiff was at any time eligible to seek review by the Louisiana Risk Review

Panel, which appears doubtful at best,[4] the state's decision to abolish the Panel did not deprive him

of a protected liberty interest.  As noted, the purpose of the panel was to make recommendations

concerning the discretionary exercise of clemency by the Executive Branch.  As the Louisiana

Supreme Court explained:

> The Panel has the duty to evaluate the risk of danger to society that each person
> convicted of a  non-violent crime may present if released from confinement in a
> prison facility.  When a Panel has determined by a preponderance of the evidence
> that a person will not present a risk of danger to society if released from
> confinement, the Panel may make a non-binding recommendation that the person be
> considered for clemency by the Board of Pardons or considered for parole by the
> Board of Parole.

State v. Dick, 951 So.2d 124, 127-28 (La. 2007). However, a prisoner has no cognizable liberty

interest in meaningful access to state clemency mechanisms.  McKithen v. Brown, 626 F.3d 143,

---

[3] Rec. Doc. 1, p. 10.

[4] Certain prisoners were statutorily ineligible to seek review by the Panel, including prisoners
who had been convicted of a "crime of violence" as enumerated in La. Rev. Stat. Ann. § 14:2(B).
See Normand v. Louisiana Risk Review Panel, 47 So.3d 1045, 1047-48 (La. App. 1st Cir. 2010),
writ denied, 47 So.3d 1045 (La. 2011).  As noted, plaintiff was convicted of armed robbery.  Armed
robbery is a "crime of violence" under § 14:2(B).

151 (2nd Cir. 2010).  Simply put: "[A] prisoner has no liberty interest with respect to any procedures available to vindicate an interest in state clemency because clemency is inherently discretionary and subject to the whim, or grace, of the decisionmaker; it is, in other words, a form of relief to which a prisoner has no right."  Id. at 151; Brady v. Norris, No. 5:08cv00147, 2008 WL 5002929, at *8 (E.D. Ark. Nov. 20, 2008) (noting that a prisoner "has no federal or state liberty interest in the possibility of obtaining parole, furlough or clemency, or any type of early release, and he is thus not entitled to any due process protections in connection with diminishment of those possibilities").

Second, even if plaintiff had a state-created liberty interest in applying to the Louisiana Risk Review Panel while it existed, any such liberty interest was extinguished when the state law changed.  See Toussaint v. McCarthy, 801 F.2d 1080, 1092 (9th Cir. 1986) ("A state-created liberty interest exists only as long as the statute or regulation creating it remains effective. If the state repeals the statute or eliminates the regulation, the liberty interest ceases to exist."), *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

6

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this second day of April, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.